UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

WILFRED JONES,

                Petitioner,

  -against-

J. BERBARY, Superintendent,

                Respondent.
------------------------------------------------------------- X

05 CV 1445 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

    The pro se petitioner Wilfred Jones ("Jones" or "petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 14, 2005. Petitioner claims that the sentencing court lost jurisdiction between December 1997, when he was indicted for the crime underlying this petition, and the fall of 2003, when he was ultimately sentenced for that crime, resulting in violations of his rights under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. For the reasons stated below, the instant petition for a writ of habeas corpus is denied.

## BACKGROUND

    Petitioner was arrested on December 2, 1997 and charged with criminal sale of a controlled substance in the third degree. Jones was thereafter determined to be eligible for treatment rather than incarceration because his criminal record indicated that he had no prior arrests. At a court appearance on December 4, 1997, the assistant district attorney ("ADA") agreed to a plea to criminal sale of a controlled substance in the fifth degree. Respondent's Ex.

1

A at 2. The ADA further consented to have the case dismissed if Jones completed a drug treatment program, with the alternative that Jones would serve eight months in jail if he did not complete the program. Id. After explaining that if Jones in fact had a previous felony conviction she would be required to sentence him to a period of incarceration longer than eight months, the judge accepted Jones's guilty plea. Id. at 6-8.

Petitioner was released on his own recognizance on December 15, 1997 so that he could enter a drug treatment facility. Jones failed to report to the treatment program, however, and on December 17, 1997, the state court concluded that petitioner had violated the conditions of his release and ordered that a bench warrant be issued. Respondent's Ex. C. The bench warrant was issued on December 18, 1997, apparently without a judge's signature. After the warrant had issued in December 1997, petitioner was convicted under an alias of a felony for which he was sentenced to a term of imprisonment of three to six years. Transcript of Aug. 1, 2003 proceeding at 5. Petitioner was ultimately returned on the December 1997 warrant on May 29, 2003. Petitioner claims that he had been discovered while serving his six year sentence for his subsequent conviction. Respondent's Ex. K.

By motion dated June 26, 2003, petitioner, under the name Wilbert Jones (a.k.a. David Lambertis), moved to dismiss the information in the interest of justice pursuant to N.Y. C.P.L. § 210.40, citing his medical condition, age, education, linguistic proficiency, and skills. Respondent's Ex. D. He also filed a motion pursuant to N.Y. C.P.L. §§ 210.20(g) & 30.30 claiming that he had been denied his right to a speedy trial. Respondent's Ex. E. At an August 1, 2003 proceeding, the court noted that because Jones did, in fact, have previous felony convictions he was subject to a minimum sentence of two to four years. Tr. of Aug. 1, 2003

Proceeding at 2. The state court denied Jones's motions by order dated September 22, 2003.[1] Respondent's Ex. G. The court noted that Jones had a lengthy criminal history under multiple aliases, which had permitted him to evade detection when he told the court in December 1997 that he had no prior felony convictions. Id. at 3. The court concluded that it found "no compelling reasons for the dismissal of the indictment." Id. at 5. Also on September 22, 2003, the state court sentenced petitioner to a term of two to four years' imprisonment.

Jones thereafter filed a motion to set aside the sentence pursuant to N.Y. C.P.L. § 440.20 dated November 25, 2003, claiming that: (1) the December 1997 warrant lacked a judge's signature; (2) petitioner had six state identification numbers because of improper fingerprinting; (3) he had been the victim of police misconduct; (4) the district attorney's office had documentation relevant to his medical condition; and (5) he was not given notice of his right to appeal his sentence. Respondent's Ex. H. The court denied petitioner's motion by order dated January 7, 2004. Respondent's Ex. J.

Jones filed another motion dated April 17, 2004, pursuant to N.Y. C.P.L. § 440.10, to vacate the judgment. Respondent's Ex. K. Petitioner claimed that he had been seized in violation of the Fourth Amendment because the December 18, 1997 bench warrant did not bear a judge's signature. Id. As a result, petitioner claimed, the court lacked jurisdiction. Id. By order dated July 26, 2004, the state court denied Jones's motion finding his claims to have no merit. Respondent's Ex. M. Petitioner sought leave to appeal the July 26, 2004 decision to the

---

[1]The state court considered only the motion pursuant to section 210.40, as only that motion had been adopted by Jones's attorney. The court ruled, "in any event," that Jones's motion to dismiss on speedy trial grounds was without merit.

Appellate Division by papers dated August 14, 2004. Respondent's Ex. N. By order dated February 10, 2005, the Appellate Division denied leave.

Petitioner filed the instant petition for a writ of habeas corpus on March 14, 2005.

## DISCUSSION

I.  Merits of Petitioner's Claim

Jones's petition states a single claim, asserting that the sentencing court lacked jurisdiction over his case. While the petition is not a model of clarity, it appears to argue that the court lost jurisdiction by not prosecuting petitioner in a timely fashion. The petition further argues that Jones was released from state custody on three occasions between 1997 and 2002 and that fingerprinting would have revealed that a bench warrant had been issued for his arrest. While petitioner does not identify which of his constitutional rights were violated, the only claim that petitioner has exhausted in the state courts is his contention that his arrest on the allegedly defective December 18, 1997 bench warrant in May of 2003 constituted a violation of the Fourth Amendment and his due process rights under the Fourteenth Amendment. Due to the similarity between that claim and the instant petition, the court construes petitioner's claim to be that he was unlawfully arrested in 2003 on the 1997 bench warrant and that the six year delay violated his due process rights.

Although the bench warrant did not bear a judge's signature, the judge had issued an order directing that a bench warrant issue for the arrest of petitioner on December 17, 1997. Respondent's Ex. C. Consequently, the court rejects any suggestion that no judge ever authorized petitioner's arrest or that the warrant was somehow defective. McDonald v. Delo, 897 F.Supp. 1224, 1254 (E.D.Mo. 1995). In any event, petitioner was clearly subject to arrest

even without a warrant, and any technical deficiency in the warrant does not rise to the level of a constitutional claim cognizable on habeas review. Petitioner has stated no Fourth Amendment claim.

As for petitioner's claim that the six-year delay between his conviction in December of 1997 and his sentence in 2003 violated his due process rights, the most closely analogous claim cognizable on habeas review is that his Sixth Amendment speedy trial rights were violated. Such claims are typically raised pre-trial, and courts consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). Acknowledging that petitioner has not and could not claim that there was any undue delay between his indictment and guilty plea, the court nonetheless finds that application of the Barker factors to his case would indicate no violation of petitioner's constitutional rights in any event. While there was a six-year gap between petitioner's 1997 proceedings and his sentence in 2003, petitioner caused the delay by absconding and using aliases. Moreover, as the trial judge indicated to him in 1997 that he would receive a sentence greater than eight months' imprisonment if it were to be discovered that he had prior felony convictions, petitioner could not demonstrate prejudice. As a result, habeas relief is not warranted.

The state court denied petitioner's claims on the merits. As the state court's decision was neither contrary to nor an unreasonable application of Supreme Court precedent, habeas relief is not warranted. 28 U.S.C. § 2254(d)(1).

## CONCLUSION

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. No certificate of appealability is granted with respect to any of the petitioner's claims, since the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: July 22, 2005
      Brooklyn, New York

SERVICE LIST:

Petitioner *Pro Se*
Wilfred Jones
03A5177
Collins Correctional Facility
PO Box 340
Collins, NY 14034

Attorney for Respondent
Caroline R. Donhauser
Kings County District Attorney's Office
350 Jay Street
Brooklyn, NY 11201